UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GIANG VAN DOAN,

Petitioner,

v.

MARKWAYNE MULLIN, SAMUEL
OLSON, and BRIAN ENGLISH,

Respondents.

CAUSE NO. 3:26-CV-182-CCB-SJF

## OPINION AND ORDER

Immigration detainee Giang Van Doan, by counsel, filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in

violation of the laws or Constitution of the United States. ECF 1. The respondents have

answered the petition, and Doan has filed a reply. ECF 6, ECF 8. The petition is ready to

be decided.

## BACKGROUND

Doan is a citizen of Vietnam who came to the United States as a child in 1982 as a

refugee. ECF 6-1 at 14. In 1996, he was convicted of two robbery charges and sentenced

to nine years' imprisonment. *Id.* at 14. Based on this conviction, Doan was ordered

removed to Vietnam on February 10, 2004. *Id.* He was released from immigration

detention on an Order of Supervision on June 17, 2004.

After his release, Doan continued to be involved in the criminal justice system. In

2005, Doan was imprisoned on a parole violation. ECF 6-1 at 14. In 2007, Doan was

convicted of the sale of methamphetamine and sentenced to four years' imprisonment. *Id.* at 16. After this conviction, ICE released him on an Order of Supervision "[d]ue to diplomatic relations between the United States and Vietnam." *Id.* at 16. In February 2016, Doan was convicted on federal charges of possession of methamphetamine with intent to distribute and sentenced to 168 months' imprisonment. *Id.* at 22.

When Doan finished his federal criminal sentence on January 9, 2026, he was taken into custody by Immigration and Customs Enforcement (ICE). ECF 6-1 at 25. He filed this habeas petition on February 11, 2026, arguing that his continued detention was unreasonable because his removal was not reasonably foreseeable. He argued his removal is not reasonably foreseeable because ICE has not been able to remove him to Vietnam in the past 20 years since he was ordered removed, and ICE has not yet requested a travel document for him under a more recent Memorandum of Understanding between the United States and Vietnam. He also asserted he has no ties to any other country, and ICE has not identified a potential third country for his removal.

When respondents answered the petition in April 2026, they represented that Doan was re-detained based on a significant likelihood of removal in the reasonably foreseeable future.[1] They stated in their brief, "ICE is currently obtaining travel

---

[1] Respondents do not argue that Doan's 2016 criminal conviction might serve as an independent basis for detention, though *Zadvydas* contemplates this as a possibility and the regulations provide for it. *See Zadvydas v. Davis*, 533 U.S. 678, 700 (2001) ("In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions."); *see also* 8 C.F.R. § 241.13(i)(1) (authorizing a six-month period of detention following a violation of a condition for release "in order to effect the alien's removal, if possible, and to effect the conditions under

documents for Petitioner's removal to Vietnam." ECF 6 at 3. They provided a copy of the Self-Declaration Form for Vietnamese citizens who have been ordered removed from the United States that Doan filled out around January 11, 2026. ECF 6-1 at 4-12.

SUBJECT MATTER JURISDICTION

The respondents first argue that the court lacks subject matter jurisdiction over Doan's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the respondents first argue that Doan's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[2] which for Doan ended more than twenty years ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer

---

which the alien had been released"). Nevertheless, the court will follow the parties' lead and resolve this case based on the parties' arguments on foreseeability of removal. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (party presentation rule).

[2] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

3

reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

"*Zadvydas* and the relevant regulations do not address whether the six-month presumptive reasonability period is cumulative across periods of detention or whether the period restarts upon each instance of detention." *Singhavara v. Noem*, 2025 WL 3140712, at *3 (N.D. Ill. Nov. 10, 2025). However, "[m]ost courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated by a concern that the federal government could otherwise detain aliens indefinitely by continuously releasing and re-detaining them." *Abuelhawa v. Noem*, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (collecting cases) (quoted with approval in *Singhavara*, 2025 WL 3140712, at *3).

4

The court agrees with the reasoning and conclusions of the federal courts that have found the six-month period to apply cumulatively across initial and subsequent periods of detention. Applying a six-month period of presumptive reasonableness to every subsequent period of detention would go against the concerns in *Zadvydas*, which noted the broad language in § 1231(a) seemingly authorizes detention in violation of the noncitizen's due process rights. *Zadvydas*, 533 U.S. at 690. Just as "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem," *id.*, so, too, would a statute authorizing wholly discretionary re-detention of a noncitizen. *Zadvydas* declares that detention of a noncitizen past the "removal period" is not authorized by § 1231(a) if it is unrelated to the statutory goals of "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Id.* Allowing the government a six-month period of unreviewable detention every time it re-detains a noncitizen does not advance those statutory goals.

Here, Doan filed his habeas petition just a month into his re-detention. But respondents' answer came three months into his detention, and now he is approaching six months of detention. When combined with Doan's prior period of detention in 2004, his cumulative time in detention exceeds six months. Therefore, the court turns to whether his removal is reasonably foreseeable.

To start, the respondents identify Vietnam as the only country under consideration for removal. The government was unable to remove him to Vietnam in 2004, and Doan provided evidence that under a Memorandum of Understanding between Vietnam and the United States, Vietnam aimed to act on a travel document

request within thirty days, *see* ECF 1-3 at 5, but no travel document for him has been obtained at this point. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Doan's removal to Vietnam in the reasonably foreseeable future.

To rebut this showing, respondents state generally that ICE is obtaining travel documents for Doan. Although ICE acted quickly in having Doan fill out a Self-Declaration Form upon his re-detention, there is no evidence that further steps have been taken to acquire a travel document or that there are any plans to do so. Respondents have not provided evidence that Doan's removal is likely to occur within the reasonably foreseeable future. It does not explain why the current effort will be successful given the inability to remove Doan to Vietnam in 2004. The respondents also do not affirmatively indicate that the government has submitted a formal request for travel document or that the government is in the process of preparing a formal request. Nor do they explain the basis for any delay in submitting such a request. Additionally, they provide no insight into when Vietnam might respond to the request or the likelihood that Vietnam will issue travel document. Consequently, the court finds that the respondents have not adequately demonstrated that Doan's removal to Vietnam is reasonably foreseeable. Therefore, the respondents must release Doan.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondents to release Giang Van Doan on appropriate conditions of supervised release

6

and to certify compliance with this order by filing a notice with the court by **June 25, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on June 24, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT